Chief Justice Marshall
delivered the opinion of the Court.
It can scarcely be doubted that the complainant Wright had, before his purchase, heard of the fact, notorious in the west, that the bottoms on the Mississippi-river were subject to occasional, and to more or less extensive and frequent overflows from the floods in that river. And he must have known that no man could tell how often these overflows might occur in future, nor to what extent they would flood the low lands adjacent to the bank of the river. That in the year 1828 the river had overflowed the whole of the bottom land now in question', and that in subsequent years, prior to Wright’s purchase in 1837, it had overflowed very nearly the whole, seems to have been well known to those who lived or were conversant in the neighborhood at those periods. And it appears, and indeed is a matter of general knowledge, that these overflows leave marks upon trees and other permanent objects, denoting the water line, and which may be traced by proper scrutiny.
It certainly could not be presumed that any man of ordinary prudence, about to expend seventeen or eighteen thousand dollars in the purchase of a large tract of'land, on the river, almost entirely covered by woods, designing to cultivate the land and make a stock farm, and having his attention particularly fixed upon its liability to be flooded, and upon the consequences of such a fact, would have neglected the means of knowledge and of judgment to which we have adverted, and have rested solely or principally upon the assertions or opin *459 Ions of the vendor, a young man, who had but recently settled in the vicinity, who had not witnessed the greater floods of the river, who might have been expected to give the best account of the land which he could, and who was, moreover, subject to such habits of excessive drinking, as must have been obvious to any one in his company for even a few hours, and must have impaired the confidence of any prudent man in his judgment and assurances, and especially as to the future.
A purchaser of land will be presumed to have exercised all accessible means and reasonable diligence to be informed of the qualities & propt erties of the land.
There is no evidence to satisfy us that Wright did not avail himself of the accessible means of information, with respect to the liability of the land to overflow, or that he was in fact deceived into the purchase by the representations of Todd on the subject. His long delay in filing the present bill for a recission of the contract on the ground of fraud, and even in filing a prior bill claiming damages, when, if deceived in making the purchase, he must soon have had an opportunity, when he moved upon the land, of discovering the fraud, tend to corroborate the conclusion drawn from the general considerations above mentioned, which is, moreover strengthened by the attitude assumed in another suit, in which he was enjoining on a different ground, a part of the purchase money, and so far from claiming a recission, or even alleging the fraud, he professed a willingness to keep the land and pay for it, if certain objections to the title should be removed, which was done. And it was not until April 1845, nearly a year after the injunction suit had been decided against him in the Cii’cuit Court, and shortly before the decree was, as to its principle features, affirmed in this Court, that this bill for a recission was filed, which, although it relies upon substantially the same facts which had been set up in the bill for damages filed, in. 1841, seems to claim for them much greater magnitude and consequence than in the bill of 1841, in which the utmost claim for the alleged fraud was $1500.
The impression produced by these circumstances is not done away by the evidence of the witnesses. In *460 the first place, the two persons who know most about the actual negotiation and representations, differ widely in their statements on the subject; and a third, who was present a part of the time, heard nothing on the subject of the overflows. It is true, several witnesses detail declarations of Todd, made after the sale, to the effect that he had misrepresented the quantity of land free from overflow, and had made an unfair exhibition of it in going over it. But besides the fact that these declarations do not appear to have been made before the assignment of the notes, and to be proper evidence against the assignees of the notes for the purchase, we are of opinion that, considering the nature of these alleged declarations, the circumstances under which they are said to have been made, and the condition of Todd, who seems to have been all the time half drunk, they are entitled to little weight. A man in his senses, who has committed a gross fraud in an important transaction would hardly make proclamation of it immediately after, and in the close vicinity of the defrauded party. Some of these declarations were in public, and repeated in the form of narration, evidently to amuse the bystanders, and all may be regarded rather as the idle boasting of a half intoxicated man, who had made an advantageous sale, than as serious statements of facts» With regard to the alleged deception in riding over certain portions of the land to exhibit it, the fact that Wright never discovered it himself, notwithstanding his subsequent long residence on the land, and presumed familiarity with it, shews that there was no serious deception or artifice, and that the story was a mere exaggeration to raise a laugh.
A delay of 7 or 8 years, after taking possession of land purchased before filing bill for recission, of the contract, is a strong circumstance against the claim to recission for alleged fraud in the quantity of the land.
Upon 'the whole, we are of opinion that the complainant has made out no sufficient ground for recission, either on the ground of misrepresentation as to the overflows, or on the ground of the milk-sickness, the particulars of which latter subject we have not deemed it necessary to state.
Wherefore, the decree is affirmed.
Brown and B. A. Monroe for plaintiff; J. 4* W.L. Harlan for defendants.